UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN, INC. t/a MARTIN JEWELERS,

    Plaintiff,

v.

THE HENRI STERN WATCH AGENCY, INC., PATEK PHILIPPE,

    Defendants.

Hon. Claire C. Cecchi
Civil Action No. 11-cv-1602 (CCC-JAD)

<u>Report and Recommendation</u>

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court for a Report and Recommendation on the motion by The Henri Stern Watch Agency ("Henri Stern" or "Defendant") to dismiss; and

**WHEREAS** Martin, Inc. t/a Martin Jewelers ("Martin" or "Plaintiff") entered into a franchise agreement ("Agreement") with Patek Philippe;[1] and

**WHEREAS** the Agreement contained an arbitration provision, which provides, in relevant part, "[i]f *any* dispute or difference arises between the parties concerning this Agreement,... the dispute or difference arising from the Agreement will be referred to the arbitration of three (3) persons. The arbitration will be held in Geneva, Switzerland," Complaint, Ex. B (emphasis added); and

**WHEREAS** Henri Stern has moved to enforce the arbitration provision as a third-party beneficiary to the Agreement; and

---

[1] The parties entered into two written agreements; the first was executed in 1999 and the second was executed in 2009. Both agreements contain the same arbitration provision.

**WHEREAS** the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides in relevant part "[a] written provision in any… contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract… shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2; and

**WHEREAS** "[i]n enacting the FAA, 'Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration,'" Josko v. New World Systems Corp., No. 05-4013, 2006 WL 2524169, at *4 (D.N.J. Aug. 29, 2006) (citing Southland Corp. v. Keating, 465 U.S. 1, 10 (1984)); and

**WHEREAS** "prior to enforcing an arbitration agreement, the Court must engage in a limited review to determine (1) whether there is a valid agreement to arbitrate, and (2) whether the specific dispute falls within the substantive scope of that agreement," Josko, 2006 WL 2524169 at *4; and

**WHEREAS** "[i]n conducting [the] limited review, the court must apply ordinary contractual principles, with a healthy regard for the strong federal policy in favor of arbitration… [and] only upon a showing of fraud, duress, mistake, or some other ground recognized by the law applicable to contracts may the federal court find an arbitration clause to be invalid," id. (internal citations omitted); and

**WHEREAS**, here, the parties signed and executed the Agreement in 2009, which included an arbitration provision that is identical to the provision included in the 1999 Agreement, and neither side has presented any plausible argument or evidence suggesting the Agreement is invalid due to fraud, duress, or mistake; and

**WHEREAS** Plaintiff has argued that the Agreement, and in particular the arbitration provision, is invalid on the grounds that it is unconscionable based on the parties' unequal bargaining positions and the requirement that the arbitration take place in Switzerland; and

**WHEREAS** this Court does not find the fact that the arbitration provision calls for arbitration in an international forum inherently unconscionable, see e.g. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631, 638-39 (1985) (upholding foreign arbitration clause); CCP Systems AG v. Samsung Electronics Corp., Ltd., No. 09-4354, 2010 WL 2546074, at *12 (D.N.J. June 10, 2010) (staying Count III of complaint pending arbitration in foreign tribunal); and

**WHEREAS** an unequal bargaining position, common in many contract negotiations, is insufficient on its own for finding unconscionability as "more than a disparity in bargaining power is needed in order to show that an arbitration agreement was not entered into willingly," Great Western Mortgage Corp. v. Peacock, 110 F.3d 222, 229 (3d Cir. 1997); and

**WHEREAS** Plaintiff has not presented this Court with any evidence demonstrating that the arbitration provision was the result of Patek Philippe exerting its superior bargaining position, and, in fact, Plaintiff's counsel conceded during a hearing before this Court on February 6, 2012, that Plaintiff *never* tried to negotiate *any* terms of the Agreement, but simply signed the Agreement as presented and sent it back to Patek Philippe; and

**WHEREAS** this Court does not find the Agreement, or the provision to arbitrate, is unconscionable, and finds that a valid agreement to arbitrate exists; and

**WHEREAS** it is clear that the dispute falls within the arbitration provision as "any dispute" is subject to arbitration under the Agreement; and

3

**WHEREAS** since there is a valid agreement to arbitrate, and the dispute falls within the ambit of that agreement, the FAA applies;

**IT IS** on this 28th day of February 2012,

**RECOMMENDED** that Defendant's motion to dismiss be granted without prejudice.

_____
JOSEPH A. DICKSON, U.S.M.J.


cc:     Honorable Claire C. Cecchi, U.S.D.J.