NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN, INC. t/a MARTIN JEWELERS., <br>                    Plaintiff, <br><br> v. <br><br> THE HENRI STERN WATCH AGENCY, INC., PATEK PHILIPPE S.A. <br><br>                    Defendants. | Civil Action No. 2:11-cv-1602-CCC-JAD <br><br> OPINION |

**CECCHI, District Judge.**

I.  **INTRODUCTION**

This matter comes before the Court by way of an objection to Magistrate Judge Joseph A. Dickson's Report and Recommendation dated February 28, 2012 ("Report and Recommendation"), in which Judge Dickson considered the motion to dismiss filed by Defendant The Henri Stern Watch Agency ("Defendant" or "Henri Stern"). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Judge Dickson's Report and Recommendation, and grants Defendant's motion to dismiss.

II.  **BACKGROUND**

Plaintiff Martin, Inc. t/a Martin Jewelers ("Plaintiff" or "Martin") operates a jewelry store in Cranford, New Jersey.  (Pl.'s Br. in Opp'n to the Magistrate Judge's Recommendation to Dismiss the Compl. ("Pl.'s Br.") at 1).  Plaintiff is an authorized retailer of products of

Defendant Patek Philippe S.A. ("Patek Philippe"). (Id.) The relationship between Plaintiff and Patek Philippe is governed by an agreement, entered into by the parties in July 2009 (the "Agreement"). (Henri Stern's Mem. of Law in Further Supp. of its Mot. to Dismiss Pl.'s Compl. (the "Def.'s Br.") at 1). Pursuant to the Agreement, Plaintiff was to purchase Patek Philippe products through Defendant Henri Stern, Patek Philippe's exclusive U.S. distributor for Patek Philippe products. The Agreement also contains an arbitration provision, which provides, in relevant part, "[i]f any dispute or difference arises between the parties concerning this Agreement … the dispute or difference arising from the Agreement will be referred to the arbitration of three (3) persons. The arbitration will be held in Geneva, Switzerland." (Compl., Ex. B). The parties do not dispute that the arbitration clause was the same provision previously agreed to by the parties in their first written agreement – entered into in 1999.

In December 2010, Patek Philippe notified Plaintiff that it intended to terminate the agreement. (Compl. ¶ 20). On or about March 22, 2011, Plaintiff filed suit in this Court against Patek Philippe and Henri Stern alleging claims under the New Jersey Franchise Practices Act (the "NJFPA") and other causes of action. Thereafter, Defendant Henri Stern filed a motion to dismiss Plaintiff's Complaint, seeking enforcement of the aforementioned arbitration provision as a third-party beneficiary to the Agreement.[1] On February 28, 2012, the Hon. Joseph A. Dickson, U.S.M.J. issued a Report and Recommendation that the Court enforce the arbitration clause and grant Defendant's motion to dismiss. Plaintiff now objects to Judge Dickson's Report and Recommendation.

### III.   LEGAL STANDARD

---

[1] Plaintiff has not disputed Henri Stern's standing to seek enforcement of the Agreement's arbitration clause.

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir.1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1) (c); Fed.R.Civ.P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 231 (D.N.J.2002); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J.1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).

IV. **DISCUSSION**

In his Report and Recommendation, Judge Dickson found that there was a valid agreement to arbitrate between the parties and that the instant dispute falls within the scope of that agreement. Judge Dickson further found that the arbitration provision in the Agreement is not unconscionable because it requires arbitration in an international forum or because there is an alleged disparity in bargaining position between the parties. Plaintiff objects to Judge Dickson's

Report and Recommendation, arguing that the arbitration clause at issue is unconscionable. Plaintiff further asserts that Judge Dickson erred in recommending the clause be enforced because Patek Philippe has violated the NJFPA and because choice of forum clauses are presumed unconscionable under the NJFPA.

As Judge Dickson correctly stated in his Report and Recommendation, the Federal Arbitration Act ("FAA") provides, in relevant part, that "[a] written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "In enacting the FAA, 'Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.'" Josko v. New World Systems Corp., No. 05-4013, 2006 WL 2524169, *4 (D.N.J. Aug. 29, 2006) (citing Southland Corp v. Keating, 465 U.S. 1, 10 (1984). "In conducting [the] limited review, the court must apply ordinary contractual principles, with a healthy regard for the strong federal policy in favor of arbitration." John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 137 (3d Cir.1998) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). To reiterate, only upon a showing of "fraud, duress, mistake, or some other ground recognized by the law applicable to contracts" may the federal court find an arbitration clause to be invalid. Seus v. John Nuveen & Co., Inc., 146 F.3d 175, 185 (3d Cir.1998).

The limited issue before Judge Dickson and before this Court is whether the arbitration clause contained in the Agreement is valid and enforceable. The Court agrees with Judge

Dickson's Report and Recommendation that there is a valid agreement to arbitrate and that the instant dispute falls within the scope of that agreement.

**Unconscionability**

In its objection to the Report and Recommendation, Plaintiff argues that the arbitration clause is unconscionable because it requires arbitration in Switzerland, a foreign country, and because of the parties' unequal bargaining position. Judge Dickson did not err in finding that the arbitration clause is not unconscionable because it requires an international arbitration. Courts regularly enforce agreements to arbitrate in outside forums – both domestically and internationally. See <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 631, 638-39 (1985) (upholding foreign arbitration clause); <u>Alpert v. Alpha graphics Franchising, Inc.</u>, 731 F.Supp. 685 (D.N.J. 1990) (staying claims brought by a New Jersey franchisee to permit the franchise dispute to be resolved through arbitration held in Arizona); <u>Societe Generale de Surveillance v. Raytheon European Mgmt. & Sys. Co.</u>, 643 F.2d 863, 867 (1st Cir. 1981) (affirming district court order staying arbitration in Massachusetts to permit arbitration pending in Switzerland to proceed). Indeed, Plaintiff itself concedes that "a contractual provision requiring a matter to be arbitrated in a foreign country is not *per se* unconscionable." (Pl.'s Br. at 21). The application of Swiss law to the Agreement also does not render the arbitration clause unconscionable. As to Plaintiff's argument that the arbitrators will be unfamiliar with the English language, the Court notes that the clause permits Plaintiff to select one of the three arbitrators - who then participates in selection of the third arbitrator. Moreover, while proceeding with arbitration in Switzerland may be inconvenient for Plaintiff, there is no evidence in the record to suggest that the cost of doing so is overly burdensome to Plaintiff such that it would render the clause unconscionable.

Judge Dickson also did not err in recommending that the arbitration clause is not unconscionable because of the allegedly unequal bargaining position between the parties. The parties initially agreed to arbitrate in 1999, and later renewed their agreement in 2009. Plaintiff stated during oral argument before Judge Dickson that it did not attempt to negotiate any of the contract terms, but merely signed the Agreement as presented. Although Plaintiff is a small business, such is not sufficient to show unconscionability as "more than a disparity in bargaining power is needed in order to show that an arbitration agreement was not entered into willingly." Great Western Mortgage Corp. v. Peacock, 110 F.3d 222, 229 (3d. Cir. 1997). Judge Dickson did not err in finding that the arbitration clause was not entered into as a result of Patek Philippe's superior bargaining position.

**The New Jersey Franchise Practice Act**

In its objection, Plaintiff asserts that the choice of forum and law provision in the Agreement is presumptively unconscionable under the NJFPA. The issue before the Court, however, is not a choice of forum clause, but rather a mandatory arbitration clause. As discussed above, the FAA – with its strong presumption in favor of arbitration – controls. See Alpert, 731 F.Supp. at 688 (noting that the United States Supreme Court has "found that a state statute that required judicial resolution of a franchise contract, despite an arbitration clause, was inconsistent with the Federal Arbitration Act, and therefore violated the Supremacy Clause."); see also Central Jersey Freightliner, Inc. v. Freightliner Corp., 987 F.Supp. 289, 300 (D.N.J. 1997) (compelling arbitration of NJFPA claims and finding that, in light of the FAA, the Supremacy Clause would bar any provision in the NJFPA that limited the enforceability of arbitration clauses). In enacting the FAA, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which

the contracting parties agreed to resolve by arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10 (1984). Indeed, the United States Supreme Court reemphasized the strong federal policy for enforcing arbitration agreements earlier this year in CompuCredit Corp v. Greenwood, __ U.S., 132 S. Ct. 665, 181 L.Ed.2d 586 (Jan. 10, 2012) (holding that arbitration clauses contained in consumer credit card agreements are enforceable). Thus, the NJFPA does not render arbitration clauses unenforceable. Alpert, 731 F.Supp. at 688.

Likewise, the merits of plaintiff's claims under New Jersey Franchise Practices Act (as well as plaintiff's other causes of action) are not presently before the Court and can also be litigated within the arbitration.[2] The limited issue presented by Henri Stern's motion to dismiss, and addressed by Judge Dickson in his Report and Recommendation, is whether the arbitration clause in the Agreement is enforceable. As noted by the Alpert court, "[a]n arbitration clause does not relieve a party from liability under the [NJFPA], it simply determines the forum in which relief may be sought." Alpert, 731 F.Supp. at 688.

V.     CONCLUSION

Having thoroughly reviewed Magistrate Judge Dickson's Report and Recommendation, Plaintiff's objections thereto and Defendant's response, this Court hereby adopts Magistrate Judge Dickson's Report and Recommendation in full, and thus grants Defendant's motion to

---

[2] The Court takes note of Plaintiff's objection to Judge Dickson's finding that Plaintiff presented no evidence demonstrating that the arbitration clause was the result of Patek Philippe exerting its superior bargaining position. Plaintiff asserts that this finding charges it with the burden of demonstrating unconscionability which, according to plaintiff, is inconsistent with the NJFPA's presumption of unconscionability. As discussed, the Court is addressing the enforceability of an agreement to arbitrate and is bound by the strictures of the FAA. Moreover, Judge Dickson's finding does not appear to be a judgment as to which party bears the burden of demonstrating unconscionability.

dismiss.  An appropriate Order accompanies this Opinion.


DATED:  April 25, 2012

                                                         CLAIRE C. CECCHI, U.S.D.J.